```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,
```

      Plaintiff,    MEMORANDUM & ORDER
                16-CV-6065(JS)

  -against-

GOLDIE M. FILES,

      Defendant.
```
----------------------------------X
```
APPEARANCES
For Plaintiff:  Michael T. Sucher, Esq.
        26 Court Street, Suite 2412
        Brooklyn, NY 11242

For Defendant:  No appearance

SEYBERT, District Judge:

    Pending before the Court is the United States of America's motion for entry of a default judgment against defendant Goldie M. Files ("Defendant"). (Docket Entry 9.) For the following reasons, the motion is GRANTED.

BACKGROUND

    On November 2, 2016, the United States of America ("Plaintiff") commenced this action against Defendant seeking unpaid student loan payments. (See Compl., Docket Entry 1.) The Summons and Complaint was served on November 11, 2016. (Aff. of Serv., Docket Entry 6.) Defendant did not respond to the Complaint, and the Clerk of the Court noted Defendant's default on December 22, 2016. (Clerk's Entry of Default, Docket Entry 8.)

Annexed to the Complaint is a Certificate of Indebtedness dated October 19, 2016, in which the United States Department of Education certifies that on or about September 9, 1991, Defendant executed a promissory note to secure a loan from Barnett Bank ("the Bank") in Jacksonville, Florida (the "Loan"). (Cert. of Indebtedness, Compl. at 3.) The Loan was guaranteed by the Florida Department of Education and reinsured by the United States Department of Education under programs authorized by Title IV, Part B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071, et seq. The Loan was disbursed beginning on November 14, 1991 for $2,625.00 at a variable rate of interest. (Cert. of Indebtedness.)

The Certificate of Indebtedness states that the Bank demanded payment and Defendant defaulted on the Loan on August 11, 1993. As guarantor, the Florida Department of Education paid a claim to the Bank and attempted to collect the amount due from Defendant. When those collection efforts failed, the Florida Department of Education assigned its interest in the Loan to the United States Department of Education. (Cert. of Indebtedness.) As of October 19, 2016, Defendant owed $2,721.15 in principal and $2,101.33 in interest for a total of $4,822.48. (Cert. of Indebtedness.) The current rate of interest as of October 19, 2016 was 3.6 percent. (Cert. of Indebtedness.) Additionally,

interest accrues on the principal of the Loan at the rate of $0.27 per day.  (Cert. of Indebtedness.)

On December 27, 2016, Plaintiff filed a motion for default judgment, which is unopposed.  (Pl.'s Mot., Docket Entry 9.)  In support of its motion, Plaintiff annexes the loan application and promissory note executed by Defendant on September 9, 1991. (Appl. and Note, Docket Entry 9-3.)  Plaintiff seeks the entry of a default judgment in the total sum of $4,906.11, which represents the following:  (1) Loan principal balance ($2,721.15); (2) total interest accrued through October 19, 2016 ($2,119.96); and (3) costs and disbursements ($65.00 for service of the Summons and Complaint).  (Pl.'s Affirmation, Docket Entry 9-1, ¶¶ 8-11.)  Plaintiff is also seeking per diem interest of $0.27 from December 27, 2016 through the date the default judgment is entered and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.  (Pl.'s Affirmation ¶ 12; Proposed J., Docket Entry 9-2.)   However, Plaintiff is not requesting attorneys' fees.  (Pl.'s Affirmation ¶ 9.)

DISCUSSION

I.  Liability

Federal Rule of Civil Procedure 55 sets forth a two-step process to obtain a default judgment: (1) first, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

3

affidavit or otherwise, the clerk must enter the party's default"; and (2) second, "after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on plaintiff's motion, enter a default judgment." FED. R. CIV. P. 55(a), (b)(2), and (c); United States v. Kemp, No. 15-CV-2419, 2015 WL 6620624, at *2 (E.D.N.Y. Oct. 30, 2015) (citing FED. R. CIV. P. 55(b)(2)). A defendant's default constitutes an admission of liability; thus, on a motion for default, the well-pleaded allegations in the complaint pertaining to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007). Nevertheless, in determining a motion for default judgment, the Court is responsible for ensuring that the pleadings provide an appropriate basis for liability. Kemp, 2015 WL 662064, at *2.

The determination of whether to grant a default judgment is in the district court's sound discretion. Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). The court may consider factors that include "'whether plaintiff has been substantially prejudiced by the delay involved[ ] and whether the grounds for default are clearly established or are in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)) (alteration in

4

original). The Court's analysis on a motion for default is guided by factors such as: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

Defendant's failure to respond to the Complaint sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (holding that defendants' failure to appear in the action and respond to the complaint or motion for default "indicate willful conduct"). Additionally, the Court finds that the Complaint's allegations regarding Defendant's failure to make payments in connection with the Loan, which have been deemed admitted in light of Defendant's default, establish Defendant's liability. See Joe Hand Promotions, 2007 WL 2891016, at *2; Kemp, 2015 WL 6620624, at *2. Finally, the denial of this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, L.L.C., No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). Accordingly, Plaintiff's motion for a default judgment is GRANTED.

5

II. <u>Damages</u>

While a party's default constitutes an admission of all well-pleaded allegations regarding liability, "'it is not considered an admission of damages.'" <u>Kemp</u>, 2015 WL 6620624, at *2 (quoting <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992)). On a motion for default, Plaintiff bears the burden of establishing damages to a reasonable degree of certainty. <u>See</u> <u>Kemp</u>, 2015 WL 6620624, at *2. In determining the appropriate amount of damages, it is within the Court's discretion to conduct an evidentiary hearing or rely on documentary proof. <u>United States v. Davis</u>, No. 05-CV-4447, 2007 WL 2287889, at *2 (E.D.N.Y. Aug. 8, 2007).

Here, Plaintiff seeks $2,721.15 in principal on the Loan and $2,119.96 in accrued interest, plus additional interest in the amount of $0.27 per day from December, 27, 2016 through the date of judgment. (Pl.'s Affirmation ¶¶ 6-12.) In support of this request, Plaintiff references the Certificate of Indebtedness prepared by the Department of Education, which reflects that as of October 19, 2016, Defendant owed $2,721.15 in principal and $2,101.33 in interest with additional interest accruing at the rate of $0.27 per day. (Cert. of Indebtedness.)

The Court finds that the Certificate of Indebtedness proffered by Plaintiff establishes damages as of October 19, 2016 with a reasonable certainty. The Court's calculation confirms

6

that the additional interest that accrued between October 19, 2016 and December 27, 2016 at the rate of $0.27 per day results in total accrued interest of $2,119.96 as of December 27, 2016. Accordingly, Plaintiff is entitled to the amount requested ($2,721.15 in principal and $2,119.96 in interest), plus per diem interest of $0.27 for each day after December 27, 2016 through the date of the judgment and post-judgment interest calculated pursuant to 28 U.S.C. § 1961.

In addition to damages, Plaintiff seeks an award of costs. The Higher Education Act of 1965 provides that "a borrower who has defaulted on a loan made under this subchapter . . . shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1). See also United States v. Hinds, No. 11-CV-0169, 2011 WL 3555837, at *4 (E.D.N.Y. June 27, 2011), R&R adopted, 2011 WL 3555762 (E.D.N.Y. Aug. 11, 2011). Specifically, Plaintiff seeks to recover $65.00 in out-of-pocket expenses for the service of the Summons and Complaint and has provided an invoice documenting that expense. (Pl.'s Affirmation ¶ 10; Invoice, Docket Entry 9-4.) Accordingly, the Court GRANTS Plaintiff's request for an award of $65.00 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for a default judgment (Docket Entry 9) is GRANTED. The Clerk of the Court is directed to enter a judgment in Plaintiff's favor in the

7

amount of $2,721.15 in unpaid principal, $2,119.96 in accrued interest, an additional $0.27 in interest for each day after December 27, 2016 until judgment is entered, $65.00 in costs, and post-judgment interest calculated pursuant to 28 U.S.C. § 1961. Upon entry of the judgment, the Clerk of the Court is further directed to mark this matter CLOSED.

                SO ORDERED.

                /s/ JOANNA SEYBERT
                Joanna Seybert, U.S.D.J.

Dated:    August __2__, 2017
        Central Islip, New York